UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-17-TLS |
| | ) | |
| EMMANUEL TERRELL STACY | ) | |

**OPINION AND ORDER**

After adjudicating the Defendant, Emmanuel Terrell Stacy, guilty upon his plea of guilty, the Court sentenced him pursuant to 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 924(c)(1)(A)(i), and the United States Sentencing Guidelines that were in effect on the date of his sentencing, February 12, 2007. On March 18, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 48]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to guideline §1B1.10, as amended effective March 3, 2008.

On April 9, 2008, the Defendant's court-appointed counsel filed a notice explaining that a reduction in the Defendant's sentence is not appropriate because 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 924(c)(1)(A)(i) require the imposition of the same mandatory minimum sentence of 60 months for Count II and 60 months on Count IV, to be served consecutively, that the Court imposed on February 17, 2007. In conjunction with that Notice, the Defendant's attorney also moved to withdraw as court-appointed counsel as directed by the Court's February 22 order [DE 51].

Pursuant to the March 18 order, if counsel moves to withdraw, "[t]he Defendant then has

30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for reduction of sentence." (DE 48 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (*Id.*)

More than 30 days have elapsed since counsel filed the notice and motion to withdraw. The Defendant has not filed a response or a motion for reduction of sentence.

Counsel's Notice and his Motion to Withdraw are well taken. 21 U.S.C. § 841(b)(1)(B) imposes a mandatory minimum sentence of five years of imprisonment for the Defendant's drug offense, and 18 U.S.C. § 924(c)(1)(A)(i) imposes a mandatory minimum sentence of five years of imprisonment for the gun offense. The Defendant's guideline range of imprisonment before the amendments was 57 to 71 months imprisonment for his net offense level of 23 and criminal history category of III. Under the amended guidelines, the Defendant's net offense level of 21 and criminal history category of III would correspond to a guideline range of 46 to 57 months. However, when the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range. USSG §5G1.1(b); *see also United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007) (holding that *Booker* does not authorize courts to sentence below minimums prescribed by Congress through federal statutes). Therefore, the amended sentencing guidelines do not entitle the Defendant to a reduction of his sentence.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Motion to Withdraw as Court Appointed Counsel [DE 51] is GRANTED and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in

this cause of action.

       SO ORDERED on May 12, 2008.

                                            s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT